GREMILLION, Judge,
concurring.
11 Although I concur in the result reached' by the majority in finding that the change of domiciliary custody from Mizell to Stone was erroneous, I do not agree that Stone failed to prove that numerous material changes occurred in this case. Although there seems to be a lack of clarity as to the meaning- of “material change of circumstances,” I find that in a case involving a consent decree, rather than a considered one, the moving party’s burden should not be extended-to include a showing of how the material changes affect the child’s welfare. In McCorvey v. McCorvey, 05-174, p. 19 (La.App. 3 Cir. 11/2/05), 916 So.2d 357, 370-371, writ denied, 05-2577 (La.5/5/06), 927 So.3d 300, a panel of this court made this distinction:
“When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of' proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence- that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.” Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La.1986). Also, “there must be- a showing of a change in circumstances materially affecting the welfare of the .child before the court may consider making a significant change in the custody order.” Id. at 1194 (emphasis added).
| gHowever, “[i]n cases where the original custody decree is a stipulated judgment, such as when the parties consent to a custodial arrangement, and no evidence of parental fitness is taken, the heavy burden of proof enunciated in Bergeron in inapplicable.” Aucoin [v. Aucoin], [(La.App. 3 Cir. 12/30/02)], 834 So.2d [1245,] 1248 (emphasis added), Hensgens v. Hensgens, 94-1200, pp. 6-7 (La.App. 3 Cir.), 653 So.2d 48, 52, writ denied, 95-1488 (La.9/22/95), 660 So.2d 478. See also, Evans, 708 So.2d 731. Where the Bergeron burden is inapplicable the party seeking to modify the custody arrangement need only prove a *856 change m circumstances since the original decree and prove that the new; custody arrangement would be in the best interest of the child. Aucoin, 834 So.2d 1245; See also, Weaver v. Weaver, 01-1656 (La.App. 3 Cir. 5/29/02), 824 So.2d 438; Hensgens, 653 So.2d 48; Evans, 708 So.2d 731.
In Shaffer, the case cited by the majority, the same lesser standard was applied, and the appellate court found that the child’s becoming of school age was a material .change in circumstances. Justice Weimer, in his concurrence, essentially stated that the change in circumstance must materially affect the welfare of the child.
I agree with Stone that substantial material changes in circumstances have occurred since the 2010 consent judgment, including cross-country moves, significant employment status changes, marriage status changes, and lifestyle changes. The combination- of all these significant life changes easily meets the change-in-cir-eumstances requirement. - ■ The majority claims that some of these changes are “life changes that do not rise to the level of material changes of circumstances.” I do not agree. The concurrence of this many “life” changes, would necessarily impact a child’s life. Moreover, Mizell’s marriage to.a three-time convicted felon, twice for distribution of methamphetamines, would be extremely significant to any non-domiciliary parent. Mizell and Mancil admitted that Mizell has a very hostile relationship with the mother of Mancil’s young son, and that custody exchanges result in threats and police being called. None of this behavior depicts the tranquility envisioned by the majority.
IsMoreover,- this court has found that material changes exist under lesser circumstances. In Harvey v, Harvey, 10-1338 (La.App. 3 Cir. 3/9/11), 2011 WL 803778 (an unpublished opinion), communication problems-between the parties was affirmed as a material change in circumstance. In Hebert v. Blanchard, 97-550, p. 5 (La.App. 3 Cir. 10/29/97), 702 So.2d 1102, 1105, the father had to prove “that a material change in circumstances has occurred and that the modification proposed is in the best interest of the children.” There was no discussion of how the changes materially affected the children, because it could be inferred:
We find no difficulty in concluding that Mr. Blanchard established numerous, material changes of circumstances. Since the divorce in February of 1990, he has remarried and has basically stabilized his life. To the contrary, Ms. Hebert’s personal situation seems more complicated than that which existed at the time of the divorce, She has lived with three men to whom she was not married, has moved nine times since the separation, and has subjected her now school-age children to four separate school transfers.

Id.

■ Similarly, in this. case, Stone proved a material change in his own circumstances in that he and his wife now have a stable, committed relationship focused on family. It is implicit that “life changes” of this magnitude will necessarily affect the child’s welfare to some, degree. Thus, in my view, once this step of the analysis has been satisfied, the only issue is whether changing the primary domiciliary status from Mizell to Stone is in the best interest of the child. Although I find it difficult to abandon the deference owed to the trial court in its factual determinations, I find that the change in domiciliary status was not in Teaci’s best interest, primarily because Mizell had been her caregiver since birth, and Teaci’s teacher testified that she was doing well in school and behaved at a *857 socially acceptable level. Thus, I concur in the majority’s ruling naming Rozetta Mi-zell the domiciliary custodian of the minor child.